IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID LAWRENCE ADDERLEY,<br><br>　　Plaintiff,<br><br>v.<br><br>THREE ANGELS BROADCASTING NETWORKS, INC., ROY HUNT, JR, and JAMES W. GILLEY,<br><br>　　Defendants. | Case No. 3:19-MC-00045-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　This case involves a charitable trust and real property located in Long Island, Bahamas (*S.D. Fla. Case No. 18-cv-23362* ("Florida Case"), Doc. 1). The plaintiff, David Lawrence Adderley, is a dual citizen of the United States and the Bahamas and resides in Miami-Dade County, Florida (*Id.*). He brought this suit in the United States District Court for the Southern District of Florida, where it is currently pending (*See* Florida Case).

　　In June 2019, Adderley served a subpoena on ATLAS CPAs & Advisors, PLLC ("ATLAS"), which was issued by the Southern District of Florida (Doc. 1, Ex. 1). ATLAS is a non-party that conducts business in Marion, Illinois, which is located in the Southern District of Illinois (Doc. 1). The subpoena seeks fifty-four categories of documents from ATLAS related to accounting services ATLAS rendered for Defendants Three Angels Broadcasting Networks, Inc. (Doc. 1, Ex. 1).

　　On July 19, 2019, ATLAS filed a motion to quash the subpoena in this Court

(Doc. 1). ATLAS argues the subpoena is unduly burdensome because the vast majority of the subpoenaed records are protected by accountant-client privilege; include confidential and sensitive financial and estate planning information of non-parties that bear little relation to the dispute; include thousands of documents spanning a twenty-year period; and are currently only available in paper form and stored in ATLAS's offsite storage (*Id.*). ATLAS estimates that assembling and reviewing the records would require approximately sixty hours of work from clerks, a manager, partner CPAs, and a senior managing partner (*Id.*). Because the proper place for compliance with the subpoena would be within the Southern District of Illinois, this Court has jurisdiction over this motion. FED. R. CIV. P. 45(d). Under Rule 45(d),

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

But "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). Transfer under Rule 45(f) "allows for consolidation of motions in a single appropriate court, thereby avoiding piecemeal litigation in multiple fora as well as piecemeal appeals." *P.H. Glatfelter Co. v. Windward Prospects Ltd.*, 847 F.3d 452, 458 (7th Cir. 2017). The Advisory Committee note to Rule 45(f) explains,

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a

superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Here, this Court did not issue the subpoena, and ATLAS's main argument that the documents are irrelevant, cumulative, and burdensome weigh in favor of transfer. The argument "emphasizes the need for the court where the underlying matter lies to decide the matter," because "the court with the most familiarity with the case is better positioned to determine whether the documents are indeed relevant" and could "better balance whatever relevance exists against the need to protect" non-parties. *Patriot Nat. Ins. Grp. v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 176 (N.D. N.Y. Sept. 23, 2013). This case involves complex issues (demonstrated by Adderley's twenty-count complaint), and the Southern District of Florida has already ruled on discovery disputes (Florida Case, Doc. 117). Moreover, there is an ongoing issue of whether subject matter jurisdiction exists, and the parties are currently conducting discovery to determine whether complete diversity is present among the parties (Florida Case, Doc. 120).

In sum, the Southern District of Florida is well-acquainted with the facts of this case and is in the superior position to resolve the motion to quash. Given the jurisdictional uncertainties and the risk of disrupting the management of the underlying litigation, the Court finds that the interests favoring transfer outweigh ATLAS's interests in obtaining local resolution of the motion to quash.

Accordingly, the Clerk of Court is **DIRECTED** to transfer this matter to the United States District Court for the Southern District of Florida.

**IT IS SO ORDERED.**

DATED: September 5, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**